```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JUAN FRANCISCO VEGA,

      Plaintiff,

v.                              Case No:   2:18-cv-723-FtM-29NPM

DONALD SAWYER, Florida Civil
Commitment          Center
Administrator,

      Defendant.
_____

## **ORDER**

This matter comes before the Court on Defendant Sawyer's Motion to Dismiss Plaintiff's Complaint (Doc. #17). Plaintiff filed a response to the Motion (Doc. #18). The Court denies Sawyer's Motion.

### I. Background and Factual Allegations

Plaintiff Juan Francisco Vega, who is civilly confined in the Florida Civil Commitment Center ("FCCC"), filed a civil right complaint alleging a violation of his federal constitutional and state statutory rights to marry. (Doc. #1). Vega appends to his Complaint the State of Florida's Response to Vega's Petition for Writ of Certiorari to the United States Supreme Court (Doc. 1 at 6-10). Vega also attaches these exhibits to his Complaint: FCCC Resident Grievance dated February 4, 2017 (Doc. #1-1); print out of email chain from Highland County Clerk of Court regarding Vega-

Martinez Marriage Request dated August 18, 2017 (Doc. #1-2); Letter form Clerk of Court, Highlands County dated March 9, 2017 (Doc. #1-3); Highland County Clerk of Court letterhead titled "Incarcerated Marriages" (Doc. #1-4); and Florida Attorney General Advisory Legal Opinion- AGO 78-07, dated January 10, 1978, with subject line "Impediment to marriage license" (Doc. #1-5).

According to the Complaint and attachments, Vega and his fiancée, Mary Martinez, applied for a marriage license with the Highlands County Clerk of Court on February 3, 2017. The clerk advised the couple that a marriage license could not be issued because Vega's civil commitment was an impediment to marriage and Highland County policy required the approval of the FCCC administrator for the County to issue a marriage license. (Id. at 3). Plaintiff requested approval from Defendant Sawyer, the FCCC Administrator, to marry but Sawyer refused to either approve or disapprove of the marriage. (Id. at 4, Doc. #1-1). Instead, Sawyer took no position. (Id.). Vega states Sawyer approved the marriage applications of other residents and claims he is the "target of discrimination" by Sawyer. (Id. at 5). Vega seeks declaratory and injunctive relief, and compensatory and punitive damages. (Id.).

Defendant Sawyer seeks dismissal of the Complaint on the basis that the Court lacks subject matter jurisdiction and the Complaint

otherwise fails to state claim. (Doc. #17, ¶ 5).[1] Sawyer argues that Vega's Complaint is premised only on state law and/or a county ordinance or procedure and alleges no basis for federal jurisdiction. (Id. at 4-5). Sawyer claims that because Vega has failed to cite to any federal authority to support his federal right to marriage, his Complaint fails to state a federal claim. (Id. at 5). Sawyer further requests that Vega's claim for punitive damages be stricken because Vega has not alleged the requisite intent behind Sawyer's conduct or that Sawyer acted knowing that he was violating a constitutional right. (Id. at 6-7).

**II. Motion to Dismiss and Standard of Review**

Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(6)(1) and 12(b)(6). See generally Doc. #17. A motion to dismiss under Rule 12(b)(1) can be asserted under either facial or factual grounds. Carmichael v. Kellogg, Brown & Root Services, Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). A facial attack to the court's jurisdiction requires the court to determine whether plaintiff has sufficiently alleged a basis of subject matter jurisdiction, accepting the allegations as true. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Factual attacks challenge the

---

[1] In a careless "cut and paste" of the legal standard portion of his Motion, Sawyer states Vega's § 1983 claim is predicated "upon allegedly deficient medical care he received while incarcerated." Doc.#17 at 3. Nowhere does Vega allege he was denied medical care. See generally Doc. #1.

existence of subject matter jurisdiction despite the complaint, and permit the court to consider matters outside the pleadings. Id. Here, Sawyer makes a facial challenge to the Court's subject matter jurisdiction.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the claim set out in the plaintiff's complaint. Harris v. Procter & Gamble Cellulose Co., 73 F. 3d 321, 324 (11th Cir. 1996). In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds on which it rests to satisfy the pleading requirements of Fed. R. Civ. P. 8. Id. at 555. In addition, the plaintiff's claim must be plausible to overcome a Rule 12(b)(6) motion to dismiss. Id. at 556. The court must be able to draw a reasonable inference from the complaint that the defendant is liable for the misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the facts need not be detailed, they must "raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's claim. Twombly, 550 U.S. at 556. Labels, conclusions, and a formulaic recitation of the elements of a cause of action are not enough to meet the plausibility standard. Id. at 555. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if

the alleged claim is not supported by enough factual allegations to raise a reasonable expectation of relief. Id.

### III. Analysis

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff first must allege a violation of a right secured by the Constitution or under the laws of the United States; and, second allege that the deprivation was committed or caused by a person actin under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). "[C]omplaints in § 1983 cases must . . . contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 707 n.2 (11th Cir. 2020) (citation and internal quotation marks omitted). Further, plaintiff must allege a causal connection between the defendant's conduct and the alleged constitutional deprivation. Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995). Because Plaintiff is *pro se*, the Court must liberally construe the amended complaint. Tannenbaum v. United States, 148 F. 3d 1262, 1263 (11th Cir. 1998)(per curiam).

The decision to marry is a fundamental right. Zablocki v. Redhail, 434 U.S. 374, 383 (1978). A unanimous Supreme Court held marriage is "one of the vital personal rights essential to the orderly pursuit of happiness by free men." Loving v. Virginia,

388 U.S. 1, 12 (1967); see also Obergefell v. Hodges, ___ U.S. ___, 135 S. Ct. 2584, 2602 (2015)(recognizing that it is the "right to marry in its comprehensive sense" that is the protected right and thus there must be "sufficient justification for excluding the relevant class from the right."). Thus, the Court finds it has subject matter jurisdiction over Vega's claim under § 1983 and denies Sawyer's motion to dismiss under Rule 12(b)(1).

The Court likewise denies Sawyer's Rule 12(b)(6) motion. In Turner v. Safley, the Supreme Court held that a Missouri regulation that prohibited inmates from marrying infringed on the inmates' fundamental right to marry. 482 U.S. 78, 94-99 (1987)(applying a reasonable relationship test to restriction to marriage for inmates). Vega is not a prisoner as he has served his prison sentence. Vega instead is civilly committed because the State has determined that he is a "sexually violent predator" and is likely to engage in "acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." Fla. Stat. §§ 394.912(10)(b); 394.915. Despite his non-prisoner status, Vega's civil commitment unquestionably subjects him to restrictions. See Pesci v. Budz (Pesci 1), 730 F.3d 1291, 1295-97 (11th Cir. 2013)(discussing modified Turner standard to be applied in assessing regulations to which civil detainees at FCCC are subjected). Contrary to Sawyer's assertion, Vega is not challenging the Highland County policy that requires him to obtain

an official's approval before obtaining a marriage license. Vega is challenging Sawyer's refusal to either approve or deny his request for permission to marry Martinez; and, correspondingly the basis, if any for refusing to approve or deny his request. Sawyer's refusal to permit or deny Vega's request to marry without reason or justification is tantamount to a blanket prohibition on Vega's right to marry and violates Turner. Thus, the Court finds Vega's Complaint plausibly alleges sufficient facts to survive Sawyer's Motion to Dismiss.

Punitive damages are available "where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights." Barnett v. MacArthur, 715 F. App'x 894, 904 (11th Cir. 2017). The Complaint adequately alleges a violation of federally protected right. Arguably, Sawyer's refusal to respond to Vega's request for permission to may be construed as reckless indifference at this stage of pleadings. Thus, the Court denies the incorporated motion to strike Plaintiff's request for punitive damages.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #17) is **DENIED in its entirety.**

2. Defendant Sawyer shall file an answer to Plaintiff's Complaint **within twenty (20) days**.

3. By separate order the Court will set a discovery and dispositive motion schedule.

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of February, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record